IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        vs.

CHARLIE CONANT,

        Defendant.

18-CR-6106 CJS



## PLEA AGREEMENT

The defendant, CHARLIE CONANT, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 2422(b) (attempted coercion and enticement of a minor) for which the mandatory minimum term of imprisonment is 10 years, and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant will also admit the Forfeiture Allegation of the Information, which alleges that property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 2428.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release. If the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.

4.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to

-2-

prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.   ELEMENTS AND FACTUAL BASIS

6. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. The defendant knowingly used a facility or means of interstate commerce to attempt to persuade, induce, entice, or coerce an individual to engage in sexual activity;

b. The defendant believed that such individual was less than 18 years of age; and

c. The defendant could have been charged with a criminal offense for engaging in the sexual activity.

-3-

## FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a. On February 27, 2018, the defendant, who is 28 years old, posted an advertisement on Craigslist in the personal-casual encounters section. The ad stated that the defendant was looking to engage in sexual activity and was interested in "any age, race, and body type." On the same day, an undercover law enforcement officer (the UC) responded to the ad, posing as a 12 year old female. Between February 27 and June 14, 2018, the defendant engaged in sexually explicit conversations with the UC via email and text messaging. The UC clearly identified himself as a 12 year old female, and the defendant believed that the UC was in fact a 12 year old female.

b. The email and text message conversations both involved a means and facility of interstate and foreign commerce, that is, the internet, and a black LG Stylo 3 smartphone, which the defendant utilized to communicate with the UC. The LG Stylo was manufactured outside of New York State and had traveled in and affecting interstate and foreign commerce.

c. During their conversations, the defendant attempted to persuade, induce, and entice the minor to engage in sexual activity. The defendant stated, among other things, that he wanted to meet with the child so that he could take her virginity and engage in sexual intercourse with the child. Had this conduct occurred, the defendant could have been charged with the criminal offense of Rape in the First Degree in violation of New York State Penal Law Section 130.35(4). Under that statute, it is a felony crime in New York to engage in sexual intercourse with another person who is less than thirteen (13) years old when the actor is eighteen (18) years old or more.

d. On June 14, 2018, the defendant traveled from the area of Syracuse, NY to Seneca Falls, NY in the Western District of New York, in order to have sex with the minor. The defendant was arrested by law enforcement at that time and admitted that he intended to meet and have sex with the child.

-4-

## III.   SENTENCING GUIDELINES

8.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.     The government and the defendant agree that Guidelines § 2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of 28.

### SPECIFIC OFFENSE CHARACTERISTICS

### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.     The government and the defendant agree that the following specific offense characteristic does apply:

     a.     the two level increase pursuant to Guidelines §2G1.3(b)(3)(A)   (use of a computer or an interactive computer service to persuade, induce, entice, coerce or facilitate the travel of, the minor).

### ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 30.

-5-

## ACCEPTANCE OF RESPONSIBILITY

12.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines §3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment pursuant to Guidelines §3E1.1(b), which would result in a total offense level of 27.

## CRIMINAL HISTORY CATEGORY

13.     It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14.     It is the understanding of the government and the defendant that, with a total offense level of 27 and criminal history category of I, and taking into account the statutory mandatory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **120 months, a fine of $25,000 to $250,000, and a period of supervised release of 5 years up to life**. Notwithstanding this, the defendant understands that at

-6-

sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

15.     **Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a 120-month term of imprisonment as part of the appropriate sentence in this case**. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

16.     The defendant understands that, except as set forth in ¶ 15 above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

17.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense

-7-

involving or related to the exploitation of children or the production, receipt, distribution or possession of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

18.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

-8-

## VI.   APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine, and supervised release period which is set forth in Section III, ¶¶ 14 and 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.    The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release period which is set forth in Section III, ¶¶ 14 and 15, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   **FORFEITURE PROVISIONS**

23.   As a result of his conviction for the offense alleged in Count 1 of the Information, the defendant agrees to criminally forfeit to the United States pursuant to   Title 18, United States Code, Section 2428(a)(1) and (b)(1)(A), any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, and all property traceable to such property, including but not limited to the following:

    a.   One black LG Stylo 3 smartphone, which was seized by law enforcement on June 14, 2018.

24.   The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Section 2428(a)(1) and (b)(1)(A). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

25.   After the acceptance of this plea of guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a Preliminary Order of Forfeiture covering the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Order of Forfeiture shall become final as to the defendant prior to sentencing and agrees that

-10-

it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

26.    The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

27.    The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28.    The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth

-11-

Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

29. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed above as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

30. This plea agreement represents the total agreement between the defendant, CHARLIE P. CONANT, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:

KYLE P. ROSSI
Assistant United States Attorney

August 2, 2018

-12-

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey Ciccone, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

CHARLIE CONANT
Defendant

Dated: August 2, 2018

JEFFREY CICCONE, ESQ.
Attorney for the Defendant

Dated: August 2, 2018

-13-